UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO.:

| | |
|---|---|
| Adam Johnson on behalf of himself and all others in similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>U.S. Bancorp d/b/a U.S. Bank, National Association,<br><br>Defendant. | **CLASS ACTION COMPLAINT WITH JURY TRIAL DEMAND** |

## INTRODUCTION

1. This action arises out of the Defendant's violations of the Electronic Funds Transfer Act, 15 U.S.C. §1693 *et seq.* and Regulation E, 12 C.F.R. §205.1 *et seq.* Plaintiff brings this action on behalf of himself and a class of all Minnesota persons who were charged a transaction fee, which was not posted on the Defendant's automated teller machine ("ATM") located at 2690 Snelling Avenue North – Roseville, Minnesota 55113. Plaintiff seeks actual and statutory damages, costs and attorney fees.

## JURISDICTION

2. Jurisdiction of this Court arises under 28 U.S.C. §1331 because this action is brought pursuant to the Electronic Funds Transfer Act, 15 U.S.C. §1693 *et seq.* and Regulation E, 12 C.F.R. §205.1 *et seq.* Venue is proper in this district pursuant to 28

1

U.S.C. § 1391(b), because the transactions at issue occurred in this district, Plaintiff resides in this district, and Defendant transacts business in this district.

## PARTIES

3. Plaintiff Adam Johnson (hereinafter "Plaintiff Johnson") is a natural person who resides in the City of St. Paul, County of Ramsey, in the State of Minnesota.

4. Defendant U.S. Bancorp d/b/a U.S. Bank, National Association (hereinafter "Defendant U.S. Bank") is a national association and is regulated by the Office of the Comptroller of the Currency. Defendant has a registered office address of 601 Second Avenue, Minneapolis, MN 55480.

## CLASS ACTION FACTUAL ALLEGATIONS

5. The Electronic Funds Transfer Act, 15 U.S.C. § 1693 *et seq.* ("EFTA"), and its implementing Regulation E, 12 C.F.R. § 205.1 *et seq.*, require an automated teller machine operator to provide notice to consumers that the operator will impose a fee on consumers for conducting a transaction at an ATM and the amount of such a fee.

6. Specifically, 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16(c) require that an ATM operator disclose (a) on the ATM (via placard/sticker) that a fee will be imposed and (b) on the ATM screen that a fee will be imposed and the amount of such a fee.

7. The EFTA, 15 U.S.C. § 1693b(d)(3)(C), and Regulation E, 12 C.F.R. § 205.16(e), prohibit the imposition of a fee for using an ATM if the foregoing notice requirements are not met.

## THE EXPERIENCE OF THE REPRESENTATIVE PLAINTIFF

8. On September 23, 2010 Plaintiff Johnson used the ATM located outside Defendant U.S. Bank's building located at 2690 Snelling Avenue North – Roseville, Minnesota 55113.

9. On September 23, 2010 Plaintiff Johnson was charged a $3.00 fee to withdraw money from the ATM at 2690 Snelling Avenue North – Roseville, Minnesota 55113.

10. On September 23, 2010 there was no notice posted on or near the ATM that disclosed that users would be charged any fee by the ATM at 2690 Snelling Avenue North – Roseville, Minnesota 55113.

## CLASS ACTION ALLEGATIONS

11. Plaintiff brings this action individually and as a class action for Defendant's violation of the Electronic Funds Transfer Act, 15 U.S.C. §1693 *et seq.* and Regulation E, 12 C.F.R. §205.1 *et seq.*, pursuant to Rules 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure, on behalf of the following Class:

    *All persons in Minnesota who were assessed a fee by the ATM located at 2690 Snelling Avenue North – Roseville, Minnesota 55113 without the presence of a posted warning of the fee on or near the ATM.*

12. The Class is so numerous that joinder of all members is impracticable. Although the precise number of Class members is known only to Defendant, Plaintiff upon information and belief that the Class numbers in the hundreds, if not thousands.

13. There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class members. The questions include, but are not limited to:

   a. Whether, pursuant to 15 U.S.C. § 1693b(d)(3)(A) and 12 C.F.R. § 205.16, Defendant was an ATM operator at all relevant times during the Class period that imposed a fee on consumers for providing host transfer services to those consumers;

   b. Whether, at all relevant times during the class period, Defendant failed to comply with the notice requirements of 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16(c); and

   c. The appropriate measure of damages sustained by Plaintiff and other members of the Class.

14. Plaintiff's claims are typical of the claims of the Class, which all arise from the same operative facts and are based on the same legal theories, including:

   a. Plaintiff and all putative Class members used an ATM operated by Defendant;

   b. Defendant failed to provide notices compliant with 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16(c) to Plaintiff and all putative Class members; and

   c. Defendant illegally imposed a fee on Plaintiff and all putative Class members for their respective use of the ATM.

15. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff is committed to vigorously litigating this matter. Further, Plaintiff has secured counsel experienced in handling consumer class actions. Neither Plaintiff nor his counsel have any interests that might cause them not to vigorously pursue this cause.

16. This action should be maintained as a class action because the prosecution of separate actions by individual members of the Class would create a risk of

inconsistent or varying adjudications with respect to individual members which would establish incompatible standards of conduct for the parties opposing the Class, as well as a risk of adjudications with respect to individual members which would as a practical matter be dispositive of the interests of other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

17. Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunction relief or corresponding declaratory relief with respect to the Class as a whole.

18. A class action is a superior method for the fair and efficient adjudication of this controversy. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small. Management of the Class claims is likely to present significantly fewer difficulties than those presented in many individual claims. The identities of the Class members may be obtained from Defendant's records.

## TRIAL BY JURY

19. Plaintiff is entitled to and hereby requests a trial by jury. US Const. Amend. 7. Fed. R. Civ. P. 38.

## CAUSES OF ACTION
## COUNT I
## VIOLATION OF ELECTRONIC FUNDS TRANSFER ACT & REGULATION E

U.S.C. §1693 *et seq.* & 12 C.F.R. §205.1 *et seq.*

20. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

21. Pursuant to 15 U.S.C. § 1693b(d)(3)(D)(i) and 12 C.F.R. § 205.16(a), Defendant was an ATM operator at all times relevant to this action.

22. Defendant was the operator of the ATM located at 2690 Snelling Avenue North – Roseville, Minnesota 55113 at all times relevant to this action.

23. Defendant failed to comply with the notice requirements of 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16(c) when providing ATM services to Plaintiff and all putative Class members.

24. Pursuant to 15 U.S.C. § 1693b(d)(3)(C) and 12 C.F.R. § 205.16(e), Defendant, therefore, illegally imposed a fee on Plaintiff and all putative Class members for their respective use of the ATM.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the Class, requests that this Court enter judgment in his favor and against Defendant and award the following:

- An order certifying the proposed Class under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and his counsel to represent the Class;

- Actual and statutory damages as set forth in the EFTA and Regulation E;

- An order enjoining Defendant from continuing to violate 15 U.S.C. § 1693b(d)(3)(C) and 12 C.F.R. § 205.16(e);

- Attorneys' fees and costs of suit; and

- Such other relief as this Court deems proper.

Dated this 30 day of November, 2010.	Respectfully submitted,

By: _____
**LYONS LAW FIRM, P.A.**
Thomas J. Lyons, Sr., Esq.
Attorney I.D. #65699
367 Commerce Court
Vadnais Heights, MN 55127
Telephone: (651) 770-9707
Facsimile: (651) 770-5830
tlyons@lyonslawfirm.com

**ATTORNEY FOR PLAINTIFF**

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF
## ADAM JOHNSON

STATE OF MINNESOTA  )
                                            ) ss
COUNTY OF RAMSEY    )

Adam Johnson, having first been duly sworn and upon oath, depose and states as follows:

1. I am the Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that the facts set out in this civil Complaint are well stated and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass the Defendant, cause unnecessary delay to the Defendant, or create a needless increase in the cost of litigation to the Defendant, named in the Complaint.

5. I file this civil Complaint in good faith and solely for the purposes set forth in it.

_____
Adam Johnson

Subscribed and sworn to before
me this 18th day of November, 2010.

_____
Notary Public



ANDREA L. WEBER
Notary Public-Minnesota
My Commission Expires Jan 31, 2015